**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000390
11-FEB-2013
08:43 AM**

NO. CAAP-12-0000390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF AI and AK

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 10-00040)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Appellant Mother ("Mother") appeals from the Order Terminating Parental Rights, filed on March 30, 2012, in the Family Court of the First Circuit ("Family Court").[1]

In the points of error section of her opening brief, Mother fails to identify any findings of fact ("FOF") or conclusions of law ("COL") that she challenges, and fails to indicate where in the record on appeal any objection was made or where the Family Court committed error. From her argument, however, we discern that Mother contends that the Family Court erred: (1) in finding that she was not willing and able to provide a safe family home for her two children, AI and AK ("Children"); (2) in finding that it was not reasonably foreseeable that Mother would become willing and able to provide the Children with a safe family home, even with the assistance of a service plan, within a reasonable period of time; (3) in failing to require that the State of Hawai'i, Department of Human Services ("DHS") provide her every reasonable opportunity to reunify with the Children; and (4) in finding that the DHS service plans were fair, appropriate, and comprehensive.

Upon careful review of the record and the briefs

_____

[1]    The Honorable Sherri-Ann L. Iha presided.

submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

(1) The Family Court did not err in finding that Mother was not willing and able to provide a safe family home for the Children, even with the assistance of a service plan. Mother admitted that she could not currently provide the Children with a safe family home, that she did not complete substance abuse treatment in the last two years, and that she had a substance abuse problem that needed to be addressed before she could provide a safe family home. Furthermore, Mother does not challenge the Family Court's FOF 60 that "[b]ased on Mother's own testimony, Mother is not currently able to provide a safe family home for the Children because of her ongoing therapy and drug use, and foster custody is best for the Children because Mother is unable to care for them right now."

(2) The Family Court did not err in finding in FOF 66 that it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time. A "reasonable period of time" in parental rights cases "shall not exceed two years from the child's date of entry into foster care." HAW. REV. STAT. § 587A-33(a)(2) (Supp. 2012). The Children entered foster care on April 13, 2010. At the time of trial, the Children had been in foster custody "for two weeks short of two years."

The Family Court may look to the past and present conditions of the home and natural parents to help determine whether a safe family home would become available within a reasonable period of time. *In re Doe*, 95 Hawai'i 183, 191, 20 P.3d 616, 624 (2001). Here, Mother has an extensive history of substance abuse which began when she was eight years old and includes the use of alcohol, cannabis, cocaine, and methamphetamine. On July 16, 2010, Mother was diagnosed with methamphetamine dependence. She participated in the Salvation Army Substance Abuse Treatment Program from June 23, 2009 to January 19, 2010, and in the Hina Mauka residential drug treatment program from January 2011 to June 2011, but left both

2

programs prior to being clinically discharged.  Mother admitted to relapsing on methamphetamine on March 18, 2012, but only after a positive urinalysis test result.[2/]  Therefore, FOF 66 is not clearly erroneous.

Furthermore, Mother contests the lack of weight the Family Court gave to her testimony in FOF 93 that she wants to change and accept help for her substance abuse problem.  As an appellate court, however, we "will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  *Doe*, 95 Hawai'i at 190, 20 P.3d at 623 (internal quotation marks omitted) (quoting *State v. Jenkins*, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000)).  Therefore, FOF 93 is not clearly erroneous.

(3) The Family Court did not err in finding in FOF 64 and 81 that DHS had made reasonable efforts to reunify Mother with the Children by giving Mother every reasonable opportunity to succeed in remedying the problems that put the Children at substantial risk of harm.  It is uncontested that Mother did not appear for a hearing to adjudicate whether the Children could be placed with a relative who resided in California.  Consequently, Mother was defaulted and the Family Court ordered that the Children could be relocated to California, if deemed appropriate.  The Children's in-place caretaker, their maternal grandmother, stated that she was not willing to provide them with long term care.  Thus, the Children were relocated to California with a family member that was willing to care for them and also be considered as a permanent adoptive parent.

The record shows that the Children made several attempts to contact Mother, but that the telephone numbers that Mother provided frequently changed and that when the Children had her telephone number, Mother did not pick up and they were unable to leave a message.  At review hearings held on December 21, 2011 and February 15, 2012, Mother was present and made no objection to the Family Court's findings that (i) DHS had made reasonable efforts to finalize a permanency plan, (ii) the Children's

---

[2/]     Mother admitted that she had no excuse for her relapse into using drugs.  Therefore, the Family Court did not err in finding that Mother's relapse was not excusable.

3

current placement was safe and appropriate, and (iii) the Children's current out-of-state placement was safe, appropriate and in their best interests. Therefore, FOF 64 and 81 are not clearly erroneous.

(4) The Family Court did not err in finding in FOF 80 and 89 that each of the service plans offered by DHS and ordered by the court was fair, appropriate, and comprehensive. Mother argues on appeal that the service plans were insufficient because a DHS social worker testified at trial that a dual diagnosis program was appropriate for Mother. Mother, however, never objected to the service plans. At the April 13, 2010 hearing, Mother stipulated to the two service plans (one for AI and one for AK) dated March 30, 2010. At the hearings on March 31, 2011, December 21, 2011, and February 15, 2012, Mother did not object to the subsequent service plan dated March 28, 2011. A claim for additional services cannot be made during a trial or on appeal unless it was timely raised at an earlier proceeding. *In re Doe*, 100 Hawaiʻi 335, 344, 60 P.3d 285, 294 (2002).

In addition, Mother fails to establish that the service plans were substantively inadequate. Notwithstanding the DHS social worker's testimony that a dual diagnosis program was appropriate, there is no evidence that such a program was necessary. Therefore, FOF 80 and 89 are not clearly erroneous.

Therefore,

IT IS HEREBY ORDERED that the Order Terminating Parental Rights, filed on March 30, 2012 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, February 11, 2013.

On the briefs:

Herbert Y. Hamada
for Mother-Appellant

Mary Anne Magnier and
Erin K.S. Torres,
Deputy Attorneys General,
for Petitioner-Appellee

Presiding Judge

Associate Judge

Associate Judge

4